IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELANIE BLAKE,** *et al.*,

    **Plaintiffs,**

    vs.                          Civil Action 2:07-CV-361
                                    Judge Watson
                                    Magistrate Judge King

**FAMILY DOLLAR STORES, INC.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on *Defendants' Motion to Transfer Venue to the Western District of North Carolina Pursuant to 28 U.S.C. § 1404(a)* ("*Defendants' Motion to Transfer*"). Doc. No. 5. For the reasons set forth below, defendants' motion is **GRANTED**.

**I.**     **BACKGROUND**

On November 14, 2005, Melanie Blake filed this action in the Belmont County, Ohio, Court of Common Pleas, alleging that defendants violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code § 4111.03, by failing to pay overtime compensation. *See Complaint*, Doc. No. 3. On April 19, 2007, Ms. Blake amended her complaint to add an overtime claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and to join Lori Orwig and Kathy Collins as plaintiffs. In the *Amended Complaint*, plaintiffs purport to bring this action as a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated Ohio store managers. *Exhibit L* attached to *Complaint*. On April 24, 2007, defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1446. *Notice of Removal*, Doc. No. 2. On that same day, defendants filed *Defendants' Motion to Transfer*.

In *Defendants' Motion to Transfer*, defendants ask that the action be transferred to the United States District Court for the Western District of North Carolina. On May 15, 2007, plaintiffs filed their opposition to *Defendants' Motion to Transfer*, Doc. No. 12, and on May 29, 2007, defendants filed their reply in support of their motion to transfer ("*Defendants' Reply*"), Doc. No. 15.

## II. DISCUSSION

### A. Standard for Transfer of Venue

Defendants move the Court to transfer venue pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Congress enacted Section 1404 as a "'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981). Its purpose is "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Courts apply a two part analysis when evaluating a motion to transfer venue. *See Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp.2d 941, 945 (S.D. Ohio 2002) (Sargus, J.). The threshold consideration is whether the action "might have been brought" in the transferee court. *Id.* (citing 28 U.S.C. § 1404(a)). Once a court determines that the plaintiff could have filed the action in another district, a court's decision to transfer depends on the balance of convenience and justice. In this regard, the Court must consider both the private interests of the litigants and

the public's interest in the administration of justice. *Id.* (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508-09 (1947)). The moving party bears the burden of establishing that a change of venue is warranted. *Id.* (citations omitted). In making this determination, a trial court has considerable discretion based on a "case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted); *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 215 (S.D. Ohio 1989).

    **B.**    **Analysis**

The Court concludes that this action could have filed this action in the United States District Court for the Western District of North Carolina. Because subject matter jurisdiction vests under the FLSA in any federal court of competent jurisdiction, this action could have been brought in any judicial district in which the corporate defendants are subject to personal jurisdiction. *See* 28 U.S.C. § 1391(c). Defendant Family Dollar Stores of Ohio, Inc., plaintiffs' employer, is wholly owned by defendant Family Dollar Stores, Inc., whose headquarters is located in the Western District of North Carolina. *Declaration of Barry Sullivan,* ¶¶3-4, attached to *Defendants' Motion to Transfer* (*Sullivan Decl."*).[1] Thus, this action might have been brought in the transferee court, thus satisfying the first element required for transfer under 28 U.S.C.§ 1404(a).

The issue now becomes whether transfer is justified under the balance of Section 1404(a), which authorizes transfer for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). In taking into account the litigants' interests the Court

---

[1] Mr. Sullivan is the Senior Vice President of Store Operations for defendant. *Sullivan Decl.* ¶ 1.

3

must consider the following factors::

> The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of the case easy, expeditious, and inexpensive.

*Gulf Oil*, 330 U.S. at 508.

In this action, the main sources of documentary proof are housed in defendants' headquarters in North Carolina. *Defendants' Motion to Transfer* at 12-14 (citing *Sullivan Decl.* ¶¶ 6-9). Also, several key witnesses are located in Charlotte, North Carolina. *Id.* at 7-10 (citing *Sullivan Decl.* ¶ 10). Further, and more importantly, three important witnesses are subject to compulsory process only in North Carolina. *See* Fed. R. Civ. P. 45(c)(3) (a subpoena may be quashed if it requires travel of more than 100 miles). These three witnesses, all former managers for defendants, may have information regarding compensation issues that form the heart of this lawsuit. *See Defendants' Motion to Transfer* at 11 (citing *Sullivan Decl.* ¶¶ 11, 15); *Defendants' Reply* at 15. Thus, consideration of these factors weighs in favor of transfer.

The Court must nevertheless give due -- but not controlling -- deference to plaintiffs' choice of forum. *See Lewis v. ACB Bus. Servs. Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). In the case *sub judice*, plaintiffs' choice of forum "is entitled to somewhat less weight" because plaintiffs are no longer in their chosen forum, *i.e.*, state court, by reason of defendants' removal of the action to this Court. *See Jamhour*, 211 F. Supp.2d at 947. Moreover, the deference afforded plaintiffs' chosen forum is "considerably weakened" where the case has been brought as a class or collective action, as the instant action. *Koster v. American Lumermen's Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) ("Where there are only two parties to a dispute, there is good

reason why it should be tried in the plaintiff's home forum if that has been his choice. But where there are hundreds of potential plaintiffs . . . the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened"); *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 613 (6th Cir. 1984) (same).

    Next, the Court must consider the public interests, including:

> [d]ocket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the familiarity of the court with controlling law.

*Gulf Oil*, 330 U.S. at 508. This Court's case load is nearly double that of the Western District of North Carolina. *Defendants' Motion to Transfer* at 18 (citing *Exhibit 21*, *Federal Judicial Caseload Statistics: March 31, 2006*, Table C-1, Office of Judges Programs, Statistics Division, Office of the United States Courts (2006)). Moreover, since defendants are headquartered in North Carolina, that jurisdiction does indeed have a relation to this cause of action. Further, the Court is unwilling to accept plaintiffs' complaint that they cannot expect a fair trial in the Western District of North Carolina. It is significant, too, that "Ohio's wage and hour law 'parallels the FLSA,'" and therefore, "[c]ourts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA." *Mitchell v. Abercrombie & Fitch Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006) (citing, *e.g., Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n.2 (6th Cir. 1997). The North Carolina court, as well as all federal courts, are competent to consider causes of action under federal statutes.

    Finally, and most importantly, seven other district courts have transferred FLSA collective actions against defendants to the Western District of North Carolina, Charlotte Division. *See Exhibits* attached to *Defendants' Motion to Transfer*: *Exhibit 2, Rowe v. Family*

*Dollar, Inc.*, Case No. 1:03-cv-1737-LJM-WTL (S.D. Ind. Jan. 26, 2004) ; *Exhibit 10, Anderson v. Family Dollar, Inc.*, Case No. CIV-04-0210-F (W.D. Okla. April 30, 2004); *Exhibit 15, Lucas v. Family Dollar, Inc.*, Case No. Civ.-04-536-M (W.D. Okla. March 9, 2005); *Exhibit 12, Broussard v. Family Dollar Stores, Inc.*, Case No. Civ. A. 05-0892 (W.D. La Jan. 31, 2006); *Exhibit 13, Grace v. Family Dollar Stores, Inc.*, Case No. 6:04-CV-22 (M.D. Ga July 14, 2006); *Exhibit 9, Ward v. Family Dollar Stores of Alabama, Inc.*, Case No. CV-06-CO-01060-W (N.D. Ala. Sept. 29, 2006) and *Exhibit 14, Ingram v. Family Dollar Stores of Alabama, Inc.*, Case No. CV-06-BE-1507-S (N.D. Ala. Sept. 29, 2006).  The United States Supreme Court has "made quite clear that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)).  Taking in account all these factors, this Court concludes that transfer of this action will surely promote uniformity of results, avoid duplicative court proceedings, save time, energy and money and better serve the interests of efficiency and justice.   The Court reaches this conclusion, moreover, even though these other cases are not currently consolidated on the docket of a single trial judge.

This Court is not insensitive to plaintiffs' complaints that they are less able to bear the cost of travel to North Carolina than are the corporate defendants able to bear the expenses of travel to Ohio.  Although the Court concludes, for the reasons stated *supra,* that transfer of the case is warranted, the Court also expresses its willingness, should plaintiffs' motion to certify a collective action be denied, to entertain the remand of this action to this Court.

**WHEREUPON** *Defendants' Motion to Transfer*, Doc. No. 5, is **GRANTED**.  This

action is **ORDERED TRANSFERRED** to the Western Division of North Carolina, Charlotte Division.

| | |
|---|---|
| June 19, 2007 | s/ Norah McCann King |
| Date | Norah McCann King |
| | United States Magistrate Judge |